UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
YANICK KEBREAU,

                 Plaintiff,

     - against -

MICHAEL J. ASTRUE, COMMISSIONER
OF SOCIAL SECURITY,

                Defendant.
----------------------------------------------------------- x

**MEMORANDUM & ORDER**

11 CV 13 (RJD)

DEARIE, District Judge.

      Pursuant to 42 U.S.C. § 405(g), Yanick Kebreau appeals the Commissioner of Social Security's final decision denying her benefits under the Social Security Act for her alleged disabilities beginning March 16, 2008, when plaintiff was diagnosed with breast cancer. Kebreau was born in Haiti in 1950 and moved to the U.S. at age 18; she was 57 years old at the time of her diagnosis. Plaintiff completed two years of college and last worked as an administrative assistant in Florida before she moved to New York in January 2008, two months prior to her cancer diagnosis. Plaintiff has not worked since she relocated to New York. The Commissioner found Kebreau capable of sedentary work. Both parties move for judgment on the pleadings. Because the ALJ failed to develop plaintiff's administrative record or to apply the treating physician rule, his decision is vacated and the matter remanded for further consideration.

      Kebreau applied for benefits in August 2008. Her application was denied, and she had a hearing before ALJ David Nisnewitz, at which Kebreau testified and was represented by counsel. ALJ Nisnewitz issued an opinion denying plaintiff benefits on July 2, 2009. The ALJ found that Kebreau had breast cancer, gastroesophageal disease, and osteoporosis, but that none of these impairments met or equaled a listed impairment. The ALJ also found that Kebreau's testimony

describing her impairments was not corroborated by objective medical evidence. The Appeals Council denied plaintiff's request for review on November 5, 2010. This action followed.

In reviewing a denial of benefits, the Court must determine whether the Commissioner's conclusions are supported by substantial evidence. See, e.g., Green-Younger v. Barnhart, 335 F.3d 99, 105 (2d Cir. 2003) (quoting Curry v. Apfel, 134 F.3d 496, 501 (2d Cir. 1998)). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate." Halloran v. Barnhart, 362 F.3d 28, 31 (2d Cir. 2004) (per curiam) (internal quotation omitted). Here, both parties move for Rule 12(c) judgment on the pleadings, each arguing that he is entitled to judgment as a matter of law. See Alcantara v. Astrue, 667 F. Supp. 2d 262, 272-73 (S.D.N.Y. 2009) (Sullivan, J.). Because the ALJ relied on the opinion of a non-examining, consultative physician instead of developing the record by contacting plaintiff's treating physicians for their opinions, the case is remanded for development consistent with this Memorandum.

The Court assumes the parties' familiarity with plaintiff's record and the five-step analysis for evaluating disability claims. See DeChirico v. Callahan, 134 F.3d 1177, 1179-80 (2d Cir. 1998); see also 20 C.F.R. § 404.1520.

Aside from reports mentioning Kebreau's right breast lumpectomy in May 2008 and two-month course of radiation, the record contains little information from plaintiff's treating physicians. Dr. Gonzales, plaintiff's surgeon, and Dr. Fernandez, her radiologist, both opined in July 2008 that plaintiff was "temporarily unemployable." Tr. 177, 180. At her May 2009 hearing, Kebreau testified that she continued to see her surgeon and radiologist every two months and that she had biweekly rehabilitation sessions for her arms; these reports are not part

of her administrative record. Tr. 33-34. With no other records from Dr. Gonzales or Dr. Fernandez, it is impossible for this Court to tell how long these treating doctors believed plaintiff would remain unemployable, and whether she was capable of sedentary work. The ALJ has a duty to develop plaintiff's record by "mak[ing] every reasonable effort" to obtain an opinion from a claimant's treating doctors before seeking the opinion of a consultative or non-examining expert. See § 404.1512(e). See also Harris v. Astrue, 2009 WL 8500986, at *4 (E.D.N.Y. Jan. 20, 2009) (Gleeson, J.) (remanding "improperly developed" record where ALJ "failed to seek an opinion . . . from [plaintiff's] treating physician before relying on the opinions of non-treating and non-examining sources"). The record includes only two reports from Dr. Karten, plaintiff's radiation oncologist. Tr. 185, 203. In the latest report, dated August 2008, Dr. Karten stated that Kebreau's condition had lasted or would last at least twelve months, and that work would "interfere with [her] daily radiation" because she could not sit, stand, walk, lift or carry things, or use her hands. Tr. 185-89. On this same form, Dr. Karten stated that plaintiff's prognosis was, nonetheless, "excellent." Tr. 187. Without any other records, it is hard to understand whether Dr. Karten prohibited plaintiff from work only during her two-month radiation treatment or for a longer period, and what Dr. Karten referred to when he checked a box stating Kebreau's condition had lasted/would last twelve months. Tr. 185. There is only one record from Dr. Famulare, plaintiff's primary care doctor, dated June 2008, and it does not contain any assessment of her work capabilities. Tr. 209. There is also one record from Dr. Magyar, who diagnosed plaintiff with right rotator cuff tendonitis and radial styloid tenosynovitis, and restricted use of her right arm; but, Dr. Magyar's brief report does not mention whether plaintiff's symptoms were related to her cancer or how long she remained restricted. Tr. 226.

3

Instead of seeking answers from any of plaintiff's treating doctors, the ALJ relied on the opinions of Dr. Rivera,[1] a consultative doctor, and Dr. Rabello, a non-examining medical expert.[2] Tr. 15-17. Moreover, the ALJ selectively reported Dr. Rivera's November 2008 findings—ignoring Dr. Rivera's observation that Kebreau's "right breast [was] completely inflamed, swollen, red hot tender, as is [her] right axillary region" and that "[m]ultiple times during the exam [plaintiff] would unconscious[ly] shake her left upper extremity as if trying to awaken the arm." Tr. 215-16. An ALJ may not "pick and choose" evidence that favors a finding of "no disability" without considering the rest. Sutherland v. Astrue, 322 F. Supp. 2d 282, 289 (E.D.N.Y. 2004) (Garaufis, J.). The ALJ gave "significant weight" to Dr. Rabello's opinion because "he is an impartial medical expert[,and he] . . . . had the opportunity [to] review the . . . record and listen to the claimant's testimony." Tr. 17. The hearing transcript shows, however, that Dr. Rivera, who testified via telephone, did not hear all of plaintiff's testimony because he joined the call halfway through. See Tr. 40-41. Instead of asking Dr. Magyar to elaborate on plaintiff's right arm diagnosis, the ALJ drew his own medical conclusions, writing, "The letter from Dr. Magyar then shows that [plaintiff's alleged pain] . . . was related to her tendonitis and tenosynovitis rather than her breast cancer . . . ." Tr. 15. Dr. Magyar, in fact, did not comment on any relationship to plaintiff's cancer, either way.

In addition to the sparse record, the Court is troubled by the way ALJ Nisnewitz treated plaintiff during her hearing. The transcript shows the ALJ's constant interruptions of Kebreau and counsel.

---

[1] Dr. Rivera mentioned that plaintiff "is undergoing further examination, further bone scans, and . . . is scheduled for a MRI of the left upper extremity to further elicit the etiology of this problem." Tr. 218. The ALJ did not seek any additional information regarding the results of these diagnostic tests.

[2] The ALJ also cites a "report from Dr. Wiqas [that] shows . . . [Kebreau] enjoyed a reasonably broad range of daily living activities," contrary to her testimony. Tr. 15. This report is actually a self-assessment done by plaintiff in April 2008, prior to her lumpectomy and radiation; hence, it has limited relevance. See Tr. 169-72.

4

For the reasons stated above, the Court denies defendant's 12(c) motion and grants plaintiff's motion to the extent that the matter is remanded for further development of the record consistent with this Memorandum, including a re-opening of the hearing and a continuation of plaintiff's testimony as may be appropriate. The ALJ's decision is vacated and the matter remanded.

SO ORDERED.

Dated: Brooklyn, New York
August 20, 2012

/s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge

5